# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

FRANK FIGUEROA                                                                PETITIONER

VERSUS                                   CIVIL ACTION NO. 1:09-cv-210-HSO-JMR

CHRISTOPHER EPPS                                                           RESPONDENT

## MEMORANDUM OPINION

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 on March 18, 2009. On April 15, 2009, an Order [3] was entered directing Petitioner to file a written response, to provide more information on or before May 4, 2009. On April 27, 2009, this Court's Order [3] was returned by the postal service with the notation "not here". The Petitioner failed to keep the Court informed of his current address. The Petitioner was warned that failure to timely comply with the requirements of the Order [3] may lead to the dismissal of his Petition.

On June 1, 2009, an Order [5] was entered directing the Petitioner to show cause, on or before June 22, 2009, why this case should not be dismissed for his failure to comply with the Court's April 15, 2009, Order [3]. In addition, the Petitioner was directed to comply with the April 15, 2009, Order [3], on or before June 22, 2009. The Petitioner was warned that his failure to timely comply with the requirements of the Order [5] would result in the dismissal of his case without further notice. On June 10, 2009, this Court's Order [5] was returned by the postal service with the notation "not here."

Petitioner has failed to keep this Court informed of his address and has failed to comply with any order of this Court to date. This Court has the authority to

dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE, and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court is proper under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Since the Respondent has never been called upon to respond to Petitioner's pleading, and has never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's Order of dismissal should provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

SO ORDERED, this the 27th day of July, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE